Christina T. Tellado (SBN 298597)
christina.tellado@hklaw.com
Austin Schulz (SBN 323067)
austin.schulz@hklaw.com
HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, California  90071
Telephone:  (213) 896-2400
Facsimile:   (213) 896-2450

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>HEIDRICK & STRUGGLES, INC., BUSINESS TALENT GROUP, LLC, and DAN RYAN; DOES 1 to 100, inclusive<br><br>　　　　　Defendants. | Case No.:<br><br>**DEFENDANTS HEIDRICK & STRUGGLES, INC. & BUSINESS TALENT GROUP, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Removal of Los Angeles Superior Court Case No.: 23STCV31251] |

Defendants' Notice of Removal　　　　　　　　　　　　　　　　　　　　　　　Case No:

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF JANE DOE AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Heidrick & Struggles, Inc. and Business Talent Group, LLC ("collectively, Defendants"),[1] hereby remove the action entitled *Jane Doe v. Heidrick & Struggles, Inc., Business Talent Group, LLC, and Dan Ryan; Does 1 to 100, inclusive*, Case No. 23STCV31251, now pending in the Superior Court of the State of California, County of Los Angeles (hereinafter the "State Court Action"), to the United States District Court for the Central District of California, and do so on the following grounds:

## JURISDICTION AND VENUE

1. Defendants assert that the State Court Action is a civil action over which this Court has jurisdiction under 28 U.S.C. § 1332.  Removal is proper under 28 U.S.C. § 1441 because this is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. This Court is the judicial district and division embracing the place where the State Court Action was brought and is pending.  Thus, this Court is the proper district court to which the State Court Action should be removed.  28 U.S.C. §§ 1441(a), 1446(a).

## PROCEDURAL BACKGROUND

3. On December 21, 2023, Plaintiff Jane Doe ("Plaintiff") filed the State Court Action.  True and correct copies of the Summons, Complaint and related Court documents received by Defendants are attached to this Notice as "Exhibit A." (Declaration of Tina Tellado ("Tellado Decl."), ¶ 2, Exhibit A).

4. On December 22, 2023, Plaintiff sent a Notice of Acknowledgment of Receipt—Civil, Form POS-015, to initiate mail service of the Summons and Complaint on Defendants pursuant to Cal. Civ. Proc. Code § 415.30(c).  Defendants signed and

---

[1] Pursuant to 28 U.S.C. § 1446(b)(2)(A), Defendant Dan Ryan consents to removal.

1

Defendants' Notice of Removal   Case No:

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

returned the Notice of Acknowledgment of Receipt on January 11, 2024, thereby effectuating actual service of the Summons and Complaint. A true and correct copy of the executed Notice of Acknowledgment of Receipt—Civil is attached to this Notice as "Exhibit B." (Tellado Decl., ¶ 3, Exhibit B).

5. On February 7, 2024, Defendants filed and served their Answer to Plaintiff's Complaint in the State Court Action. A true and correct copy of the Answer is attached to this Notice as "Exhibit C." (Tellado Decl., ¶ 4, Exhibit C).

## TIMELINESS OF REMOVAL

6. Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendants are filing this removal within thirty (30) days of their receipt of a copy of the Summons and Complaint in the State Court Action.

7. Heidrick & Struggles, Inc., Business Talent Group, LLC, and Dan Ryan are the only non-fictitious Defendants served with the Summons and Complaint.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8. The parties are completely diverse in this matter because Plaintiff is a citizen of the State of California and Defendants are citizens of the States of Delaware, Illinois, and New York.

9. **Plaintiff's Citizenship**. At the time this action was commenced and at the time of removal, Plaintiff was a citizen of the State of California. (*See* Compl., ¶ 1, wherein Plaintiff asserts that she is a resident of the State of California). *See Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise"); *Smith v. Simmons*, No. 1:05-CV-01187-022-GS, 2008 WL 744709, at *7 (E.D. Cal. Mar. 18, 2008) (alleged place of residence provides "prima facie" proof of domicile).

Defendant's Notice of Removal                                    Case No:

10.  **Heidrick & Struggles, Inc.'s Citizenship**. Heidrick & Struggles, Inc. is a citizen of the States of Illinois and Delaware. Under 28 U.S.C. § 1332(c)(1), corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Heidrick & Struggles, Inc. is incorporated in the State of Delaware and its principal office is located in the State of Illinois. (*See* Declaration of Amanda Suchecki ("Suchecki Decl."), ¶ 5).

11.  **Business Talent Group, LLC's Citizenship**. Business Talent Group, LLC is a citizen of the State of Delaware. An LLC is deemed a citizen of every state in which any member of the LLC is a citizen. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Business Talent Group, LLC is Prime Blocker Corporation. (*See* Suchecki Decl., ¶ 6). Under 28 U.S.C. § 1332(c)(1), corporations "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Prime Blocker Corporation is incorporated in the State of Delaware and its principal office is located in the State of Delaware. (*See* Suchecki Decl., ¶ 7).

12.  **Dan Ryan's Citizenship**. Dan Ryan is a citizen of the State of New York. (See Compl., ¶ 4, wherein Plaintiff asserts that Dan Ryan is a resident of the State of New York). *See Lew*, 797 F.2d at 751.

13.  **Doe Defendants**. Plaintiff has also named as defendants Does 1 through 100. For purposes of removal based on diversity, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition); *see also Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (same). The existence of the alleged Doe defendants thus does not impact this Court's removal jurisdiction.

Defendant's Notice of Removal                                           Case No:

14. **Diversity**. Complete diversity of citizenship exists under 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of California, Heidrick & Struggles, Inc. is a citizen of the States of Delaware and Illinois, Business Talent Group, LLC is a citizen of the State of Delaware, and Dan Ryan is a citizen of the State of New York. Accordingly, removal is permissible under 28 U.S.C. § 1441(b)(2).

## AMOUNT IN CONTROVERSY

15. Without conceding that Plaintiff is entitled to the damages she seeks or that she can recover damages at all, the alleged amounts that Plaintiff has put in controversy through the State Court Action exceed $75,000, exclusive of interest and costs.

16. A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000 even when the plaintiff fails to set forth any specific damages amount. *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002). Removal is appropriate when it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. *Id.* at 839 (applying the "preponderance of the evidence" standard).

17. When determining the amount that a plaintiff has placed in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal citations and alteration omitted). A district court may consider the allegations of the complaint and the contents of the removal petition and any supporting evidence in determining whether the jurisdictional amount has been established. *See Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

18. Where a complaint "does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds" the requisite $75,000. *Singer*, 116 F.3d at 376. Here, the Complaint does not specify the amount of damages sought; therefore, Defendants

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA  90071
Tel: 213.896.2400
Fax: 213.896.2450

Defendant's Notice of Removal                         Case No:

1  must establish the amount in controversy and other facts necessary to establish removal
2  jurisdiction through their own evidence.

3        19.    This action involves Plaintiff's claims alleged against Defendants for gender discrimination, sex and gender harassment, retaliation for engaging in a protected activity, failure to prevent discrimination, harassment, or retaliation, and wrongful termination of employment in violation of public policy. Plaintiff's prayer for relief includes general and special damages, exemplary damages, pre-judgment and post-judgment interest, attorneys' fees, costs of suit, declaratory relief, and "such other and further relief as the Court may deem just and proper." (*See* Compl., "Prayer" at p. 15).

      20.    Defendants deny Plaintiff's allegations of misconduct and intend to defend themselves vigorously against all of Plaintiff's causes of action. Nevertheless, and without admitting the Plaintiff can recover any damages, when one considers the number and nature of Plaintiff's causes of actions as alleged in the Complaint, the aggregate amount in controversy presented by this case easily exceeds the $75,000 for purposes of removal, as explained below.

      21.    According to the Civil Cover Sheet, Plaintiff in this action seeks monetary damages of an unlimited sum in excess of $25,000, but she does not specify a particular damages figure in the Complaint. (*See* Exhibit A).

      22.    **Economic Damages**. As alleged by Plaintiff in the Complaint, Plaintiff claims she "has suffered, and will suffer harm, including lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid, in a sum to be proven at trial," pursuant to her alleged claims for discrimination, harassment, retaliation, and failure to prevent discrimination, harassment, or retaliation. (*See, e.g.*, Compl., ¶¶ 18, 26, 34, 41, 49).

Defendant's Notice of Removal                                 Case No:

23. During her employment, Plaintiff earned $400,000 per year. (*See* Suchecki Decl., ¶ 3).

24. In addition to back pay, a plaintiff who successfully alleges retaliatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1987) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Lab. Corp. of Am.*, No. 3:09-CV-0619-LRH-RAM, 2009 WL 3755763, at *2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages along can satisfy amount in controversy); *James v. Childtime Childcare, Inc.,* No. CIV.S-06-2676 DFL DA, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); *see also Teutscher v. Woodson*, 835 F.3d 936, 945-46 (9th Cir. 2016) ("One key component of economic loss is the income that the employee would have earned had she not been wrongfully discharged. Compensatory damages under California law thus may include as 'backpay' an award of 'lost-wages damages through the time of trial,' and 'as "front pay" an award of the salary and benefits a wrongfully demoted or discharged plaintiff would have earned from employment after the trial.") (internal citations omitted).

25. An award of just one year of front pay would entitle Plaintiff to at least $400,000, not including the back pay and lost benefits Plaintiff is claiming. *See Traxler v. Multnomah County*, 596 F.3d 1007, 1014-15 (9th Cir. 2010) (upholding district court's decision to award nearly four years of front pay in a wrong termination suit); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, at *4 (N.D. Cal. Feb. 12, 2008) (finding three years of front pay "appropriate" in an employment suit); *Ackerman v. Western Elec. Co., Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages alone exceed the $75,000 threshold.

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

26. **Emotional Distress Damages**. Further, Plaintiff alleges that she suffered non-economic damages and emotional distress as a result of Defendants' actions and seeks damages as a result. (*See, e.g.*, Compl., ¶¶ 19, 27, 35, 42, 50, 55, claiming continuing "psychological and emotional distress, humiliation, and mental and physical pain and anguish"). Emotional distress damages are taken into account when calculating the amount in controversy. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002); *Vasquez v. Arvato Digital Servs., LLC*, No. CV 11-02836 RSWL, 2011 WL 2560261, at *3 (C.D. Cal. June 27, 2011); *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMEX, 2015 WL 4554336, at *4 (C.D. Cal. July 27, 2015).

27. Jury verdicts in employment cases are often relied upon by district courts in California to meet the amount in controversy requirement. *Simmons*, 209 F. Supp. 2d at 1034 (stating that an employment discrimination verdict cited by defendant with a $3,500,000 award for pain and suffering "indicates that emotional distress damages in a successful employment discrimination case may be substantial" even though "the case is not perfectly analogous"); *Vasquez*, 2011 WL 2560261, at *4; *Ponce*, 2015 WL 4554336, at *4. There have been large awards for emotional distress damages in actions where claims similar to those asserted here have been submitted to a jury in employment matters alleging retaliation. *See, e.g., Owen Diaz v. Tesla, Inc., et al.*, No. 3:17-CV-06748-WHO, 2021 WL 4595023 (N.D. Cal. Oct. 4, 2021) (jury awarded individual plaintiff $6.9 million in emotional distress damages for claims of racial discrimination); *Hoeper v. City and County of San Francisco*, JVR No. 1703270032, 2017 WL 1136098 (Cal. Super. Mar. 17, 2017) (jury awarded plaintiff "$1,291,409 for emotional distress, mental anguish and humiliation"); *Carroll v. Armstrong*, JVR No. 1612050044, 2016 WL 7094518 (Cal. Super. Aug. 10, 2016) (jury awarded plaintiff "$750,000 for emotional distress, pain and suffering"); *Barrie v. California Dept. of Transp.*, JVR No. 1710130046, 2017 WL 4631647 (Cal. Super. May 9, 2017) (jury "awarded past economic damages of $44,413 and past emotional distress damages of

$3 million"); *Horsford v. The Bd. Of Trustees of the California State University*, No. 600186-1, 2000 WL 35742371 (Cal. Super. Dec. 21, 2000) (awarding between $1 million and $1.5 million in non-economic damages to each of the three plaintiffs for claims of discrimination and retaliation).[2]

28. **Punitive Damages**.  In addition, Plaintiff alleges that "Defendants' conduct constitutes oppression, fraud, and/or malice…and thus, entitles [P]laintiff to an award of exemplary and/or punitive damages." (*See, e.g.*, Compl. ¶ 20, 29, 37, 44, 52, 57). "In determining the amount in controversy, the court must consider the amount of actual and punitive damages." *Nasiri v. Allstate Indem. Co.*, 41 Fed. Appx. 76, 77 (9th Cir. 2002) (unpublished); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action").  Like with emotional distress damages, courts often rely upon jury verdicts in similar employment matters to determine likely punitive damages. *Simmons*, 209 F. Supp. 2d at 1033 (finding that "the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases"); *Vasquez*, 2011 WL 2560261, at *4; *Ponce,* 2015 WL 455433, at *4.  "The fact that the cited cases involve distinguishable facts is not dispositive." *Simmons*, 209 F. Supp. 2d at 1033.  There have been large awards exceeding $1 million for punitive damages in actions wherein claims similar to those asserted here have been submitted to a jury in retaliation cases.  *See, e.g., Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009); *Crangle v. Stanford Univ.*, No. C9720966, 2000 WL 33800199 (N.D. Cal. Mar. 30, 2000) (punitive damages award of $200,000 for a claim of retaliation based on making a complaint of discrimination); *Owen Diaz v. Tesla, Inc., et al.*, No. 3:17-CV-06748-WHO, 2021 WL 4595023 (N.D. Cal. Oct. 4, 2021) (punitive damages award of $130,000,000 for claims of racial discrimination

---

[2] The Westlaw citations cited herein for jury verdicts are to jury verdict summaries obtained using WestlawNext's California Jury Verdicts & Settlements database.  *See, e.g., Castanon v. Int'l Paper Co.*, No. 215CV08362ODWJC, 2016 WL 589853, at *4 (C.D. Cal. Feb. 11, 2016).

Defendant's Notice of Removal                                            Case No:

and hostile work environment). Therefore, the amount in controversy with respect to Plaintiff's claim for punitive damages alone plainly exceed the $75,000 threshold.

29. **Attorneys' Fees**. Plaintiff also claims statutorily-entitled attorneys' fees. (*See, e.g.,* Compl., ¶¶ 21, 28, 36, 43, 51, 58). "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Attorneys' fees relating to discrimination, harassment, and retaliation claims can amount to well more than the jurisdictional amount in controversy, standing alone. *See, e.g., Denenberg v. Cal. Dep't of Transp.*, No. GIC836582, 2006 WL 5305734 (Cal. Super. Sept. 16, 2006) (attorneys' fee award of $490,000 for claims including discrimination, harassment, and retaliation); *McMillian v. City of Los Angeles*, No. BC298898, 2005 WL 3729094 (Cal. Super. Mar. 21, 2005) (attorneys' fees award of $504,926 in case alleging discrimination and retaliation). Accordingly, the amount in controversy with respect to Plaintiff's claim for attorneys' fees alone could readily exceed the $75,000 threshold.

30. **Total Amount in Controversy**. Although Plaintiff identifies no specified amount of purported damages in her Complaint, her claims for emotional distress damages, punitive damages and attorneys' fees, could each, on its own, readily exceed $75,000 in controversy, as discussed above. In addition, Plaintiff seeks compensatory damages in connection with her claims for discrimination, retaliation, and harassment, which will easily exceed $75,000 given Plaintiff's annual base salary of $400,000. *See Celestino*, 2007 WL 1223699, at *4 ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

31. Accordingly, Plaintiff's claims collectively make it facially plain that Plaintiff is seeking far more than the minimum amount of $75,000, exclusive of interests and costs, needed to meet the amount in controversy requirement. *See, e.g., Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding, by

Holland & Knight LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Tel: 213.896.2400
Fax: 213.896.2450

Defendant's Notice of Removal                                    Case No:

preponderance of the evidence, that a complaint exceeded $75,000 where it sought damages for lost wages, benefits, stock options, emotional distress damages, and attorneys' fees and costs); *Ponce*, 2015 WL 4554336, at *5 (amount in controversy met where plaintiff's economic damages were roughly $18,720 at time of removal); *Chambers v. Penske Truck Leasing Corp.*, No. 1:11-CV-00381 LJO, 2011 WL 1459155, at *3-4 (E.D. Cal. Apr. 5, 2011) (amount in controversy met where plaintiff's economic damage were roughly $10,500 at the time of removal); *Vasquez*, 2011 WL 2560261, at *3-5 (amount in controversy met where plaintiff's economic damages were roughly $25,000); *Simmons*, 209 F. Supp. 2d at 1032-35 (amount in controversy met where plaintiff's economic damages were $25,600).

32. In sum, through Defendants' own investigation and calculations, as set forth herein, a preponderance of the evidence supports removal of this matter pursuant to 28 U.S.C. § 1441 and this Court's jurisdiction has been established.

## NOTICE TO PLAINTIFF

33. In accordance with 28 U.S.C. §1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

**WHEREFORE**, for all of the foregoing reasons, Defendant hereby removes the State Court Action now pending in the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: February 8, 2024

/s/ *Christina T. Tellado*
HOLLAND & KNIGHT LLP
Christina T. Tellado
Austin Schulz

Attorneys for Defendants

Defendant's Notice of Removal          Case No: