Carney R. Shegerian, Esq., State Bar No. 150461
CShegerian@Shegerianlaw.com
Mahru Madjidi, Esq., State Bar No. 297906
MMadjidi@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone Number:  (310) 860-0770
Facsimile Number:   (310) 860-0771

Attorneys for Plaintiff,
AMELIA TYAGI

Christina T. Tellado, Esq., State Bar No. 298597
TTellado@polsinelli.com
Austin Schulz, Esq., State Bar No., 323067
ASchulz@polsinelli.com
Sara A. Begley, Esq. (admitted *pro hac vice*)
Dana E. Feinstein, Esq. (admitted *pro hac vice*)
POLSINELLI LLP
2049 Century Park East, Suite 2900
Los Angeles, California 90067
Telephone Number:  (310) 556-1801
Facsimile Number:   (310) 556-1802

Attorneys for Defendants,
HEIDRICK & STRUGGLES, INC., BUSINESS TALENT GROUP LLC, and DAN RYAN

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

| | |
|---|---|
| AMELIA TYAGI,<br><br>　　Plaintiff,<br><br>vs.<br><br>HEIDRICK & STRUGGLES, INC., BUSINESS TALENT GROUP, LLC and DAN RYAN; DOES 1 to 100, inclusive.<br><br>　　Defendants. | Case No.: 2:24-CV-01113-SPG-MAA<br><br>**The Honorable Sherilyn Peace Garnett**<br><br>**JOINT STIPULATION FOR DEFENSE MEDICAL EXAMINATION OF PLAINTIFF, AMELIA TYAGI**<br><br>Trial Date:　　July 8, 2025<br>Action Filed:　December 21, 2023 |

PLEASE TAKE NOTICE that Plaintiff, Amelia Tyagi ("Plaintiff"), and Defendants, Heidrick & Struggles, inc., Business Talent Group LLC., and Dan Ryan ("defendants") (collectively "the parties"), hereby stipulate that pursuant to Federal Rules of Civil Procedure Rule 35 and pursuant to Defendants' request, Plaintiff will submit to a defense medical examination (the "Examination") conducted by Dr. Barbara Ziv, M.D., whose qualifications are attached hereto as Exhibit 1. The Examination will be conducted as follows:

1. The Examination will be conducted on March 3, 2025, at 10:00 AM PT, at Polsinelli PC, Century Plaza Towers, 2049 Century Park E #2900, Los Angeles, CA 90067.

2. Plaintiff shall not be required to fill out any patient information form of any type whatsoever, including "new patient" forms, insurance forms, identification forms, authorizations for records, arbitration forms, waivers, and releases, and shall not be asked to do so by the medical professional or her staff.

3. The medical professional's office will not take photographs, fingerprints, or other identification information from plaintiff, including driver's license, Social Security number and home address. Plaintiff will not be required to disclose her residence telephone number or mobile telephone number.

4. The Examination shall consist of standardized testing components, which may include the Personality Assessment Inventory.

5. The Examination shall also include an interview of Plaintiff. During the interview component, Dr. Ziv will not ask questions about Plaintiff's voluntary or consensual sexual history or current sexual conduct (if any). Plaintiff also will not be asked any question that would invade the attorney-client privilege, nor will Plaintiff be asked any question relating to her monetary and financial goals in relation to this litigation. The interview will assess her current medical and psychological symptoms and treatment and prior medical and psychological symptoms and treatment as they relate to or affect her claims of emotional distress connected to her employment with

Defendants.

6. The Examination shall be conducted in a single session, not to exceed five (5) hours, excluding any time Plaintiff is afforded for breaks and meals. Plaintiff shall be entitled to take reasonable breaks during the examination process, including taking a lunch break, rest breaks, and bathroom breaks. The examination shall consist entirely of the above-mentioned interview component and standardized testing component. No invasive or physical examination will be performed. There will be no blood tests or other intrusive medical studies or procedures. If at any time during the proceedings Plaintiff believes in reasonable good faith that the proceeding has become abusive, she will immediately notify her counsel or other designated representative in order to try to resolve the matter at that time.

7. Given the nature of the examination, there is some degree of confidentiality that Plaintiff waives in participating in this examination.

8. Plaintiff may refuse to complete any part of the evaluation, but such refusal maybe reflected in the final report Dr. Ziv prepares.

9. No person except Plaintiff and Dr. Ziv will be present during the Examination. Specifically, neither Plaintiff nor Defendants will have the right to have any lawyer present during the examination. *See Toyota Motor Sales, U.S.A., Inc. v. Superior Court* (2010) 189 Cal.App.4th 1391.

10. Plaintiff may record the interview by audio technology. However, there shall be no video recording of the testing, which shall take place in a completely private room reserved solely for Plaintiff and Dr. Ziv. If Dr. Ziv audio records the examination, she agrees to produce the recording to Plaintiff within five (5) business days of the conclusion of the Examination. The audio recorders must be off during the psychological testing to protect the test questions from dissemination in the public domain. However, in the event that there is any talking during the psychological testing, such testing shall be audio recorded. No written transcript shall be created from any portion of the Examination.

11. The disclosure, production, and delivery of any report regarding the

examination shall be governed by the Federal Rules of Civil Procedure Rule 26(a)(2). Dr. Ziv shall produce a copy of her detailed written report and writings as governed by Federal Rules of Civil Procedure Rule 26(a)(2). Failure to comply with the above, unless for good cause shown for noncompliance or agreement otherwise between the parties, will result in Dr. Ziv being stricken as Defendants' retained expert witness.

12. In the event of any violation of any of the provisions of this Stipulation by Dr. Ziv or Defendants, Plaintiff may move for relief for same. By agreeing to this particular provision, Defendants do not waive any objection or defense to said motion. Notwithstanding the foregoing, provided that Plaintiff moves within five (5) days of discovery of any purported violation of this stipulation or Dr. Ziv's deposition, whichever is sooner, Defendants will not object to the motion on the ground that it is untimely.

13. This examination is not intended to be treatment of any kind, and rather, is an evaluation. Although Dr. Ziv is a psychiatrist, she is not acting as Plaintiff's personal psychiatrist and Plaintiff understands the same, and that this evaluation is for administrative or legal purposes only and not to guide clinical diagnosis or treatment.

14. Defendants are to transmit a copy of this Stipulation to Dr. Ziv immediately to advise her promptly that she must comply with the limitations imposed by this Stipulation. By proceeding with the examination, Dr. Ziv will be deemed to have consented to the terms of this Stipulation, and she agrees to abide by its terms.

15. This Stipulation is being entered pursuant to Federal Rules of Civil Procedure Rule 26(a)(2), and, except as expressly provided in the stipulation, the Examination will be conducted pursuant to Federal Rules of Civil Procedure Rule 26(a)(2).

**IT IS SO STIPULATED.**

| | |
|---|---|
| Dated: February 11, 2025 | SHEGERIAN & ASSOCIATES, INC.<br><br>By: _____<br>Mahru Madjidi, Esq.<br><br>Attorneys for Plaintiff,<br>AMELIA TYAGI |
| Dated: February 14, 2025 | POLSINELLI LLP<br><br>By: _____<br>Christina T. Tellado, Esq.<br>Austin Schulz, Esq.<br>Sara A. Begley, Esq. (admitted *pro hac vice*)<br>Dana E. Feinstein, Esq. (admitted *pro hac vice*)<br><br>Attorneys for Defendants,<br>HEIDRICK & STRUGGLES, INC., BUSINESS TALENT GROUP, LLC and DAN RYAN |